■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. LEROY ISAAC GRIFFIN, Appellant.— Appeal by defendant from a judgment of the former County Court, Queens County, rendered June 5, 1962 after a jury trial, convicting him of selling narcotic drugs, as a felony, and of unlawful possession of a narcotic drug, and imposing sentence. Judgment reversed on the law and new trial granted. No questions of fact have been considered. The oral motion to suppress evidence, made at the commencement of the trial and denied after a hearing before the court in the absence of the jury, is granted. [No formal order of denial was made.] Defendant was arrested in his own apartment after the police broke in. Prior to their breaking in the police had knocked once, and received no response; they knocked a second time, announced their office and demanded that the apartment door be opened; again they received no response. They then broke into the apartment. The hearing minutes reveal no testimony which in any way suggests that the police, prior to the breaking, attempted to satisfy the statutory requirement of giving "notice" of their "purpose" (Code Crim. Pro., § 178). In his brief the District Attorney concedes that this requirement of section 178 was not observed. He seeks to excuse the lapse in statutory procedure on the ground of exigent circumstances. In our opinion, no such exigent circumstances have been established. There is no support in the record for the District Attorney's argument that the impending arrest was about to be frustrated and that vital evidence was about to be destroyed. Accordingly, here we do not and need not reach the question whether, in certain situations, exigent circumstances may excuse noncompliance with any requirement of the statute (Code Crim. Pro., § 178). Ughetta, Acting P. J., Christ, Hill, Rabin and Hopkins, JJ., concur.